UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kari Kramlinger,<br><br>　　　　Plaintiff,<br>v.<br><br>Collection Technology, Inc., and Mike Smith.<br><br>　　　　Defendants. | Civil No. _____<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, and out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Kari Kramlinger is a natural person who resides in the City of Shoreview, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Collection Technology, Inc. (hereinafter "Defendant CTI") is a collection agency operating from an address of 1200 Corporate Center Drive, Suite 325, Monterey Park, CA 91754 with a Minnesota agent of process of CT Corporation System, Inc., 100 S 5th Street, #1075, Minneapolis, MN 55402 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Mike Smith (hereinafter "Defendant Smith") is a natural person who was employed at all times relevant herein by Defendant CTI as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. At all times relevant to this Action, Plaintiff is informed and believes, and thereon alleges, that Defendants conducted business within the State of California and used instrumentalities of interstate commerce such as the United States Mail in the business of collecting "consumer debts" in the State of Minnesota.

8. In or around 1997, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that

term is defined by 15 U.S.C. § 1692a(5), namely, a student loan debt with SallieMae, in the approximate amount of $2,330.21, which was used by Plaintiff for personal, family and household purchases.

9. Plaintiff's alleged "debt" was money, property, or their equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another person, and was therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *Repeated Collection Calls to Work*

11. In or around early April, 2010, Defendant CTI's collectors began repeatedly contacting Plaintiff by telephone at her workplace in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. Plaintiff administers dialysis to patients with kidney failure, which requires her complete and total attention to ensure the safety of her patients.

13. Plaintiff cannot take debt collection calls at her place of employment during her work hours.

14. Plaintiff explained repeatedly that she could not take collection calls at her workplace.

15. Despite repeated requests that Defendants refrain from contact Plaintiff at her workplace, the calls continued.

16. These repeated calls from Defendants to Plaintiff at her workplace in spite her requests were a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e, 1692e(11), and 1692f, amongst others.

17. Defendants' collection communications, in violation of numerous and multiple provisions of the FDCPA, were therefore also collection communications in violation of the RFDCPA Cal. Civ. Code § 1788.17.

### *Collection Calls to Plaintiff's Supervisor*

18. On or about April 10, 2011, Defendant CTI's collector, Defendant Smith, again contacted Plaintiff at her workplace by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. Plaintiff again stated that she could not take collection calls at her workplace and asked that Defendants refrain from making such calls.

20. Shortly after the termination of this call, Plaintiff was visited be her supervisor who explained that he had received a call from Defendant CTI's collector, Defendant Smith which was also "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. Plaintiff's supervisor explained that Defendant Smith stated that he wished to set up a payment arrangement for Plaintiff's student loan debt.

22. Plaintiff was told by her supervisor that he was relaying a message to Plaintiff at the request of Defendant Smith.

23. Plaintiff was the told by her supervisor that Defendant Smith was expecting a return call from Plaintiff.

24. This call from Defendant Smith to Plaintiff and her Supervisor were collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692b(2), 1692d, 1692e and 1692f, amongst others.

25. Defendants' collection communications, in violation of numerous and multiple provisions of the FDCPA, were therefore also collection communications in violation of the RFDCPA Cal. Civ. Code § 1788.17.

### *Collection Call to Payroll*

26. On or around May 24, 2010, upon information and belief, Defendant CTI's collector contacted Plaintiff's payroll department by telephone in an effort to

collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27. Thereafter, Plaintiff received word from her payroll department that CTI had called to garnish Plaintiff's wages.

28. Plaintiff's payroll supervisor gave Plaintiff CTI's phone number.

29. Plaintiff's payroll supervisor stated that CTI wished to work out a payment arrangement on the student loan prior to garnishment.

30. This call from Defendants to Plaintiff's payroll department was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692f, amongst others.

31. Defendants' collection communications, in violation of numerous and multiple provisions of the FDCPA, were therefore also collection communications in violation of the RFDCPA Cal. Civ. Code § 1788.17.

### *Summary*

32. All of the above-described collection communications made to Plaintiff by Defendant Smith and other collection employees employed by Defendant CTI, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(11), and 1692f, amongst others.

33. All of the above-described collection communications made to Plaintiff by Defendant Smith and other collection employees employed by Defendant CTI, were made in violation of numerous and multiple provisions of the FDCPA as stated above, and were therefore also communications in violation of the RFDCPA Cal. Civ. Code § 1788.17.

34. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

35. The acts and omissions of Defendant Smith, and the other debt collectors employed as agents by Defendant CTI who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CTI.

36. The acts and omissions by Defendant Smith and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CTI in collecting consumer debts.

37. By committing these acts and omissions against Plaintiff, Defendant Smith and these other debt collectors were motivated to benefit their principal, Defendant CTI.

38. Defendant CTI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, the California Rosenthal Fair Debt Collection Practices Act, and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including,

but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

42. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

44. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

45. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns

or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect this debt and thereby invaded Plaintiff's privacy.

46. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns of the Plaintiff, namely, by repeatedly calling and hanging up on him, thereby invaded Plaintiff's right to privacy.

47. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

48. Plaintiff had a reasonable expectation of privacy in his solitude and seclusion.

49. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

50. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**COUNT III.**

## VIOLATION OF THE

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32 (RFDCPA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA as to this Plaintiff, including but not limited to Cal. Civ. Code § 1788.17, amongst others.

53. As a result of each and every Defendants' violations of the RFDCPA, Plaintiff is entitled to their actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c), from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

**COUNT II.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for each Plaintiff;

# COUNT III.

# VIOLATION OF THE

# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

# CALIFORNIA CIVIL CODE §§ 1788-1788.32 (RFDCPA)

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) against each and every Defendant, in a reasonable an amount to be determined at trial for Plaintiff;

- for an award of statutory damages of $1,000.00 against each and every Defendant, pursuant to California Civil Code § 1788.30(b), and for Plaintiff; and

- for such other and further relief as may be just and proper.

Dated: March 29, 2011                    Respectfully submitted,

**WHEATON LAW GROUP, PLLC**

By: **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone: (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

csw                                      **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA           )
                             ) ss
COUNTY OF HENNEPIN           )

Plaintiff KARI KRAMLINGER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
KARI KRAMLINGER

Subscribed and sworn to before me
this 29th day of March 2011.

_____
Notary Public

CHRISTOPHER SEAN WHEATON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2012